Filing # 58644314 E-Filed 07/06/2017 10:52:17 AM

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

LALLYMOLE GEORGE,
    Plaintiff,

v.                                                                        Case No.:

EXPERIAN INFORMATION
SOLUTIONS, INC., an Ohio
Corporation,
    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, LALLYMOLE GEORGE, by and through the undersigned counsel, and files this lawsuit against the Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio Corporation, and states as follows:

### Allegations Regarding Jurisdiction and Venue

1.    This is an action for damages of more than Five Thousand Dollars ($5,000.00) but less than Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

2.    This action arises out of Defendant's violations of 15 U.S.C. § 1681 et. seq., known as the Fair Credit Reporting Act (hereinafter "FCRA").

3.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681p, as the state and federal courts have concurrent jurisdiction over FCRA claims.

4.    Personal jurisdiction exists over Defendant as it had the necessary minimum contacts with the State of Florida and this suit arises out of their specific

conduct with Plaintiff in Florida. All the actions described in this suit giving rise to liability occurred or impacted the Plaintiff in Florida.

5. Venue is proper as Plaintiff lives in Florida, the Defendant does business within the State of Florida, and the acts allegedly committed by Defendant which give rise to this complaint occurred in or had a substantial impact on Plaintiff within the State of Florida.

### Allegation Regarding Identification of the Parties

6. Plaintiff is a natural person who is a resident of Hillsborough County, Florida.

7. Defendant is a foreign corporation that engages in the business of maintaining and reporting consumer credit information and does business within the State of Florida. Defendant is incorporated in Ohio with its principal place of business in California.

### Factual Allegations

8. Plaintiff applied for a Home Equity Line of Credit (HELOC) with Trustco Bank ("Trsutco").

9. Said HELOC application was denied due to a serious delinquency and unacceptable payment record on previous mortgage. A true and correct copy of said denial from Trsutco is attached as Exhibit "A".

10. The denial specifically states that it used Defendant's report in making a determination of Plaintiff's HELOC application.

11. The account on Plaintiff's credit report in dispute is a mortgage loan Plaintiff obtained from Fifth Third Bank ("the account").

12. In December 2016, Plaintiff sent a dispute letter to Defendant advising Defendant of its report's inaccuracy, requesting that it be corrected. A true and correct copy of said dispute letter with all of its attachments is attached hereto as composite Exhibit "B".

13. Plaintiff was involved in a civil action in July of 2010, in Polk County, Florida, regarding the foreclosure of her home by Fifth Third bank. Although a foreclosure action had been filed, Plaintiff was able to short sell her home and avoid a foreclosure judgment. The short sale was completed on July 28, 2011. See HUD Settlement Statement included in composite Exhibit "B".

14. Plaintiff's mortgage became thirty (30) days delinquent in March 2010, the last payment having been made in February 2010. See 2010 Form 1098 Mortgage Interest Statement included in composite Exhibit "B."

15. There is no evidence on plaintiff's credit report that the account was charged off or sent to collections.

16. Plaintiff's mortgage was never brought current after the March 2010 missed payment. Thus, March 2010 would be the original delinquency date under the FCRA and Defendant's own policies, as explained below.

17. Plaintiff's credit report shows that this mortgage account is scheduled to continue on record until June 2018. See Experian report dated December 1, 2016,

included in composite Exhibit "B" and Experian report dated December 20, 2016, attached hereto as Exhibit "C."

18. Despite Plaintiff's dispute letter and evidence presented, Defendant refused to remove the disputed account from Plaintiff's credit report and failed to correct that removal date.

19. As a result of Defendant's incorrect and inaccurate reporting, Plaintiff has suffered actual damages.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

20. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendant is a "consumer reporting agency," as codified in 15 U.S.C. § 1681a(f).

22. Defendant itself defines the original delinquency date as "the date an account first became delinquent and after which it was never again brought current." See composite Exhibit "D."

23. According to Defendant's own policies, "[i]f you [are] delinquent on payments leading up to the short sale, the account will remain on your report for seven years *from the original delinquency date of the mortgage.*" See composite Exhibit "D." (emphasis added).

24. As stated above, Plaintiff's account became delinquent on March 2010, and was never again brought current, and the short sale was completed in July

2011; further, according to Plaintiff's credit reports furnished by Defendant, the account is scheduled to be removed in June 2018.

25. Contrary to its own policies and the FCRA, Defendant is improperly calculating the account's removal date as seven (7) years from the short sale date rather than seven (7) years from the original delinquency date of the mortgage.

26. Plaintiff notified Defendant directly of this dispute. <u>See</u> composite Exhibit "B." However, Defendant failed to delete or correct information found to be inaccurate, or failed to properly investigate Plaintiff's disputes.

27. Plaintiff alleges that at all relevant times Defendant failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

28. Because the incorrect removal date remains on Plaintiff's credit report, it appears Defendant did not comply with FCRA requirements that the consumer reporting agency notify the reporting creditor of Plaintiff's dispute regarding the correct date of original delinquency.

29. Plaintiff alleges that Defendant failed to conduct a proper and lawful reinvestigation pursuant to 15 U.S.C. § 1681i. Defendant was given notice that March 2010 was the original delinquency date of the mortgage and that the account's removal date was inaccurate. Defendant apparently failed to review the date, the court file, or contact the court or counsel for the creditor to inquire as to the correct dates. should have been cleared off the credit report prior to Plaintiff's

May 2017, HELOC application with Trustco. As a result of the inaccurate removal date, the account remained on Plaintiff's credit report causing Trustco to deny Plaintiff's HELOC loan application.

30. All of Defendant's FCRA violations alleged herein have directly caused Plaintiff damages. Because Trustco's denial of Plaintiff's HELOC application was based on the incorrect and inaccurate information obtained from Defendant, Plaintiff has suffered actual damages, and is entitled to such damages under 15 U.S.C. § 1681o(a)(1).

31. Instead of a lower interest HELOC loan through Trustco, Plaintiff was forced to obtain an unsecured loan at a significantly higher interest rate. Specifically, Plaintiff would have obtained an interest rate around four to five per cent from Trustco, after an introductory interest rate of 2.49 per cent for the first year. See Exhibit "E." However, due to Defendant's inaccurate reporting, Plaintiff was forced to obtain an unsecured loan from Discover at a much higher interest rate of 16.99 per cent. A true and correct copy Plaintiff's Discover loan statement reflecting said interest rate is attached as Exhibit "F."

32. Thus, Plaintiff's actual damages can be quantified as the additional interest Plaintiff will be forced to pay on the Discover loan versus what Plaintiff would have paid in interest under the Trustco loan, over the life of the Discover loan.

33. Defendant has had to hire the undersigned firm in order to enforce her rights under the FCRA, and as such, is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

34. All actions taken by the Defendant were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law. Therefore, damages should also be awarded in accordance with 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff demands judgment against Defendant for statutory damages, actual damages, attorney's fees and costs, and any other such relief this Honorable Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, demands a trial by jury of all issues raised in this Complaint which are so triable.

Dated this 6th day of July, 2017.

    Respectfully submitted,

    */s/ Ben Sorrell, Esq.*
    Ben Sorrell, Esq.
    Florida Bar No. 127208
    TORRENS LAW GROUP, P.A.
    2201 W. Dekle Ave.
    Tampa, FL 33606
    ben@torrenslawgroup.com
    Telephone No.: (813) 260-4883
    *Attorney for Lallymole George*